Triphonia HOWARD, Plaintiff–Appellant,

v.

The STATE OF WASHINGTON, The Department of Social and Health Services, and Charles Hunter, Defendants–Appellees.

No. 06–35302.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 28, 2007.

Filed Nov. 8, 2007.

Mitchell Alan Riese, Esq., Judith A. Lonnquist, Esq., Law Offices of Judith A. Lonnquist, Seattle, WA, for Plaintiff–Appellant.

Marie Colleen Clarke, Esq., Office of the Washington Attorney General, Torts Division, Olympia, WA, for Defendants–Appellees.

Before: B. FLETCHER and GOULD, Circuit Judges, and LARSON,* District Judge.

## MEMORANDUM **

Plaintiff–Appellant Triphonia Howard ("Howard") appeals the district court's grant of summary judgment in favor of his employer as to his claim for retaliation and related state-law claims.[1]

A grant of summary judgment is reviewed de novo, applying the same standard as the district court; namely, when the evidence is viewed in the light most favorable to the nonmoving party, the appellate court must inquire whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Walker v. City of Lakewood*, 272 F.3d 1114, 1122 (9th Cir.2001) (citations omitted), *cert. denied*, 535 U.S. 1017, 122 S.Ct. 1607, 152 L.Ed.2d 621 (2002). The appellate court must not weigh the evidence or determine the truth of the matter; rather, the court's role is merely to determine whether there is a genuine issue for trial. *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir.1999).

Federal law and Washington state law prohibit retaliation against individuals who oppose racial discrimination. 42 U.S.C. § 2000e–3(a); Wash. Rev.Code § 49.60.210(1). Under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which is applicable to both the federal and state-law retaliation claim, once a plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the adverse employment action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). If the defendant does so, then the plaintiff must demonstrate that the articulated reason was merely a pretext for a discriminatory motive. *Id.*

To establish a prima facie case of retaliation, a plaintiff must demonstrate a protected activity, an adverse employment action, and a causal link between the protected activity and the adverse employment action. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1034–35 (9th Cir.2006) (citation omitted).

■ Here, the district court correctly concluded that Howard established the first element of his prima facie case be-

---

\* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts and procedural history of this case, we do not restate them here except as necessary to explain our disposition.

cause he engaged in protected activity by complaining about a racial pay disparity in March and April, 2003. Appellees argue, unpersuasively, that Howard did not have "a reasonable belief" that unlawful conduct occurred, *see Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526–27 (9th Cir.1994); however, it was reasonable for Howard to believe in 2002 that a racial pay disparity existed due to his research regarding the pay of other "WMS Band 2 Managers," and it was reasonable that this belief continue into April, 2003, because he had not received a raise.

An "adverse employment action" is "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in a protected activity." *Ray v. Henderson*, 217 F.3d at 1244 (citation omitted); *accord Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006). Actions that materially affect compensation are adverse employment actions. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir.2002) (citations omitted).

The district court erred when it concluded that the revocation of the promise to maintain Howard's salary at its then-current level was not an adverse employment action. The district court characterized the offer to maintain plaintiff's salary as "a gratuitous offer" that appellee was not statutorily obligated to make; however, that an employer is not legally obligated to provide any "perks" (such as raises, promotions, and other benefits) to an employee does not mean that an employer may withhold those perks to retaliate against an employee because of that employee's protected activity. To the contrary, it is exactly this type of "punishment" of employees who engage in protected activity which the anti-retaliation provision of Title

VII and Washington state law prohibit. Howard therefore established the second element of his prima facie case.

Finally, the close proximity in time between Howard's protected activity and the retaliatory action is sufficient to establish the third element. *See Cornwell*, 439 F.3d at 1035 (citation omitted). Here, Howard was subjected to an adverse employment action—his salary was cut by approximately $9,000—only two days after he asked again for the raise that he previously requested in order to remedy a racial pay disparity. Such a close proximity in time establishes the third element of the prima facie case.

On appeal, the parties addressed the apparent inconsistencies between, on one hand, Howard's deposition and contemporaneous notes and, on the other, his declaration offered in opposition to the motion for summary judgment. The district court erroneously found that Howard's deposition testimony contained no mention of a racial pay disparity; however, as pointed out in Howard's appellate brief, he clearly testified in deposition that he complained about a racial pay disparity in 2002.

■ In contrast, his deposition testimony and contemporaneous notes do not state that Howard complained *again* about a racial pay disparity in April, 2003, but his declaration clearly does. Appellees suggest that the declaration should be disregarded as inconsistent with his deposition testimony on this point; however, upon review, the declaration is not inconsistent with the deposition testimony. When Howard asked for a raise in 2002 to remedy what he believed to be a racial pay disparity, he received some positive assurance that such a raise (or incentive pay) would be forthcoming if he completed certain special projects. When he asked again in April, 2003, about the promised raise, implicit in his inquiry was his earlier

complaint about race discrimination. Any alleged failure on Howard's part to repeat in April, 2003, that the raise he sought was meant to remedy a racial disparity does not support a finding that Howard did not engage in protected activity in close temporal proximity to the adverse employment action he suffered. Therefore, the Court concludes that Howard established a prima facie case of retaliation, thus shifting the burden to the employer to articulate a legitimate nondiscriminatory reason for its action.

Here, the district court correctly concluded that the employer has met its burden to articulate a legitimate, non-discriminatory reason for its action; therefore, Howard must produce sufficient evidence to raise a genuine issue of material fact as to whether the employer's proffered non-discriminatory reason is merely a pretext for discrimination. *Dominguez–Curry,* 424 F.3d at 1037.

Toward that end, Howard has offered direct evidence, in the form of his declaration regarding the April 25, 2003, meeting, that the actual reason for revoking the offer to maintain his salary at the higher level was because he stated that it was unfair that he did not get the promised raise and because, as explained above, he continued to ask for a raise to remedy a racial pay disparity. See ER 36, Howard Decl. ¶ 18 ("He told me the reason was that I should not have asked again about my pay raise, nor should I have stated that it was unfair not to receive my raise as he promised. Mr. Hunter told me I should be grateful and stop pressuring him for a raise."). This evidence is not controverted by Mr. Hunter's account of that meeting. *See* SER 4, Hunter Decl. ¶ 10 ("I stated that since my offer to retain his current salary did not make him happy, I didn't see the benefit of allowing the salary re-

tention in the alternative position offered to Mr. Howard."). This is sufficient to raise a triable issue of fact regarding appellee's reason for revoking its offer to maintain Howard at the higher salary. *See e.g., Dominguez–Curry,* 424 F.3d at 1038–40.

Thus, Howard has presented evidence sufficient to establish a prima facie case of retaliation and, although his employer articulated a legitimate nondiscriminatory reason for revoking its offer to maintain Howard's salary at the higher level, Howard has presented sufficient evidence from which a reasonable jury could infer retaliatory motive. The district court erred in granting summary judgment in favor of appellees as to the federal retaliation claim.

The district court granted summary judgment in favor of appellees on the related state-law claim of "aiding and abetting" discrimination, noting only that that the claim was "directly related" to the retaliation claims. Accordingly, the district court's grant of summary judgment must be reversed as to the "aiding and abetting" claim as well.

**REVERSED AND REMANDED.**